SHOWALTER, APPELLANT, *v.* MILLER, APPELLEE.

(No. 3401—Decided October 24, 1941.)

*Mr. Vernon Weygandt* and *Mr. Guy M. Showalter,* for appellant.

*Messrs. Foust & Holden,* for appellee.

STEVENS, J. This is an appeal on questions of law and fact. The action is one to engraft a trust upon a deed absolute.

On March 1, 1927, Susie Walters, now deceased, executed a quitclaim deed for property in Akron, Ohio, to her sister, Myrtle Miller. The grantor then filed the deed for record with the county recorder of Summit county, and, upon its return to her, delivered it to the grantee. No valuable consideration passed to the grantor from the grantee.

After the execution and delivery of said deed, the grantor held and managed the property, paid the taxes,

insurance and mortgage payments, and generally exercised dominion over said property. Upon grantor's death, grantee took possession of the property by virtue of her deed.

Plaintiff, a sister of the decedent, claims that the deed to Myrtle Miller was and is void because there was no transfer of possession of the real estate, and the grantor retained for herself the beneficial interest in said premises; that such an arrangement gives rise to a resulting trust, and that such trust, when established, contravenes the provisions of Section 8617, General Code, and is void.

Defendant claims the conveyance to her was a gift.

As to the subject of "gifts," it is stated in 20 Ohio Jurisprudence, Gifts, Section 20 in part:

"The recording of a deed or a mortgage, naming the donee as grantee, completes the gift, the record taking the place of a manual delivery."

In 2 Restatement of the Law of Trusts, Section 405, under Comment *a*, the following appears:

"* * * Where a transfer of property is made without consideration, the inference is that the transferor intends to make a gift to the transferee, not that he intends that the transferee should hold the property for the benefit of the transferor. * * *"

There is no evidence before us showing any agreement relative to a trust, made prior to or contemporaneous with the recording and delivery of the deed from the decedent to Myrtle Miller, all of the evidence having to do with the conduct of the property and the activities of the grantor decedent subsequent to the execution and delivery of the conveyance.

In 65 Corpus Juris, Trusts, Section 59, under the heading "Agreements, Covenants, and Transactions Creating or Operating as Trusts—a. In General—(1) Conveyances Absolute in Form," this statement appears:

"Subject to limitations imposed by the statute of

frauds in respect of real property, the conveyance or transfer of real or personal property by a conveyance or transfer absolute in form may be held to have been made in trust and the grantee to be a trustee, where the prior or contemporaneous acts, declarations, and agreements of the parties evidence an intent and understanding that the grantee was to take and hold the property for a trust purpose. It is not permissible, however, for one who has made an absolute conveyance of property to fasten a trust thereon by his own subsequent acts and declarations alone, although such subsequent acts and declarations are sometimes considered in connection with prior and contemporaneous ones in determining whether or not a trust exists * * *. An intention to create a trust must, of course, exist, and such intention must be communicated to the grantee.''

The foregoing deals with the creation of express trusts.

It is apparent from an examination of the evidence in this case that there is nothing prior to or contemporaneous with the execution and recording of the deed in question which in any wise would indicate an intention to create an express trust, and the facts presented are not such as to give rise to a resulting trust as a matter of law. The only claim which could be made is that the subsequent conduct of the grantor was inconsistent with the absolute transfer made by her to her sister. Such conduct alone, however, is neither sufficient to warrant the conclusion that a trust was intended by the grantor, nor to create a trust relationship by operation of law.

Because of the failure of proof on the part of the plaintiff, a decree dismissing the plaintiff's petition at her costs may be prepared.

*Decree for appellee.*

DOYLE, P. J., and WASHBURN, J., concur.